The first case called for oral argument is Bank of Edwardsville v. Beyer. Counsel, whenever you're ready, you may proceed. Good morning, Your Honors. May it please the Court, I am Tom Burkhart and I represent Marion Beyer. This is a case regarding jurisdiction of the court, the trial court, whether there was jurisdiction in order to enter any order whatsoever. In this case, we have a trust, a testamentary trust in the will of Emma Beyer to identify the parties. Emma Beyer is my client's mother, was my client's mother. She is deceased. My client is the primary beneficiary of what is known in the trust as the Marion L. Beyer Trust. That trust was amended shortly before Emma passed away to basically give my client, her daughter, the homestead of the family that basically had been in their family all these years. And it's about a seven and a half acre residential real property, a lot. It's got two houses on it. It's in St. Jacob, Illinois. And all the contents of both houses were given to her. The trust was amended to not only give my client that, but set up a half a million dollar trust to provide for the repair and maintenance of this property. And that amendment was done in 2004, as I said, shortly before her death. And the validity of the documents and everything was done through probate and everything was taken care of. But that is not a subject of this particular case. The Bank of Evansville acted as trustee and basically the dispute here came up when the houses, the roofs on the houses started to leak. And so my client basically said, ask the Bank of Evansville, ask the trustee, in accordance with the terms of the trust, fix my roofs as my mother intended. And the Bank of Evansville said, no, it's not worth it. And they filed a petition with the circuit court asking for guidance, if you will, instead of making the decision on their own. In it, they argued strenuously that we should not spend money on the residences that are on this land that was given to my client, this lady's daughter, because it's not worth it. Instead, we should preserve the half a million dollars. They argued that the University of Illinois Foundation was a contingent beneficiary of this trust. And I suggest to you they are not. My client did have lawyers that represented her throughout this proceeding. They did make, they answered the complaint. They suggested, or in the answer, they out and out said, yes, we admit that these, that the University of Illinois Foundation is a contingent beneficiary. I changed that. When I took over the case, I realized immediately that based upon 760 ILCS 5 slash 16.1, they are not a contingent beneficiary. In fact, they are not even a primary beneficiary. Okay. Your main argument is that University of Illinois Foundation is a necessary party. But you're saying they're not a contingent beneficiary? Right. But, and the case law supports this, because they are mentioned in the bill, that they potentially, upon the happening of certain events, might have an interest in this half million dollars. Isn't that the definition of a contingent beneficiary? They become a beneficiary contingent upon certain events? Yes. I'm sorry. I may have misspoken and I may have used the wrong, they're not a primary beneficiary. So I think I misspoke when I said that. Okay, okay. So I apologize. I mean, I thought your whole argument was they are a contingent beneficiary, therefore they're necessary and indispensable parties. They're not a primary beneficiary under this statute that I have cited in the case. And this is the reason why. In the original will, it basically states that upon the death of my daughter, upon my death, if she predeceases me, the trustee shall distribute the principal and approve or undistribute a net income of the trust, first therapies to my blood descendants, then livid. And I suggest that there are four of those individuals. They are the nieces and nephews, or the nephews and niece of Emma Byer. If you look at the word, the phrase blood descendants, you have to, the rule is that you have to construe things so that you give meaning to every word that is used. If all we wanted was lineal descendants in this case, the word blood would not be used. Or perhaps the drafter of this particular trust could have been more specific in using the word lineal. Now, here's the rub here. We didn't even get to a determination in the trial court. There was no construction of this language. They didn't litigate this. All we got was a service on my client alone, not the University of Illinois, and not these other four people that were necessary parties to this action. We have orders being entered by a court saying, go ahead and repair it, fix it. So as far as that goes, the court basically looked at what was going on and said, well, you know what? We're not going to construe anything. We're not going to determine what the meaning of blood descendants is, but we are going to order that certain things be done. Now, when I get the case, I'm looking at it and I say, you know what? They really don't have all the necessary parties. And what I suggested to the court, my motion was twofold. Either vacate all orders because they're void. You don't have subject matter jurisdiction because you don't have all the necessary parties. Now, that's a drastic remedy. That's really kind of outrageous. Or allow me to amend my counterclaim, and then we can get at this thing. We can actually litigate the issues, and I can make my arguments. The result might be the same. I'm not asking that you undo the repairs you did. Of course not. But what I'm asking for you to do is, as the case law that I understand it suggests, stop. Wait a minute. You don't have all the necessary parties. Let's make this thing right. Let's get this thing where it needs to be, okay, and add the necessary parties. Section 16-1, or point 1 of the Trust and Fiduciaries Act. I don't think anybody even knew it existed when they did what they did in this case. Let me ask you a question before you get to that. Didn't the trial judge implicitly determine that blood descendants did not mean nieces and nephews by determining that they were not necessary parties? By denying your motion? Implicitly determine that? If he would have determined, you know, yes, that's right, these are contingent beneficiaries. That might, I guess. Probably would have entered a different order. Other than you're asking me to get into what was in his mind, and I don't know. And we don't have any transcript of what was said. Oh, that's the order, which really doesn't say either way, right? There was nothing to transcribe. Well, we also don't have a stipulation of facts. I don't think you need them in this particular case. And this is why I come to that. Even if that was implicit, and I will allow that as an assumption for right now, I don't know. But even if it were, it still was wrong. Because even if he's going to make a determination that these people are not necessary parties, because they are named and they're potentially have their interests being affected by his rulings, he has to make them part of the game. He has to bring them into the case. Because even if he's going to rule, you know what? The determination of blood descendants is only lineal descendants. They still, as collateral heirs, which is an equal definition under the authorities that I cited, of a descendant, then they have to be brought in and be allowed to make their case, even if they're going to get ruled against. In other words, the ultimate determination of the issue is not what's important for due process. It's whether or not we allow the parties to appear and make their arguments. In this particular case, it's a simple instance of the trustee not joining all the necessary parties to the action. Now, and even if we're talking about the lineal descendants, and those are the only parties that we're saying is not present here, we've got the University of Illinois Foundation. They are named in the caption of the case. And they were never served and never entered their appearance until the appeal, after the appeal was filed. And that's part of the motions with this court. I don't think it's appropriate for a necessary party at the trial level to be able to enter their appearance while the case is on appeal. What they should do is wait until you've made your decision, remand it, and then if they want to enter their appearance then they can, and everybody's there. But until they do enter their appearance, there is no subject matter jurisdiction for the failure to join a necessary party. It's as simple as that. Now, 16.1, as I was about to say, if you read it, it basically says that if an agreement can be made between the primary beneficiaries, it's binding on all contingent beneficiaries. And therefore the trustee really has no discretion here. It's my client. And if you look at the whole thing, this is a mother who wants her daughter to have this property and the houses that are on it. And then you have a trustee intervening and saying, well, we can't fix the houses for you because they're not worth anything. That's just wrong. That's totally against the whole concept of a mother wanting her daughter to have this property. Via 16.1, the agreement made between the primary beneficiaries would bind the contingent beneficiary. And they basically have no argument. If these nieces and nephews who are named in here as basically being able to get everything left over, if they agree with my client marrying her that she can go ahead and do whatever she wants, fix the house, fix the roof or whatever, then there is no discretion for the trustee at that point in time by virtue of the statute. Now, I grant you that the trust itself or the will, the creation of trust, appears to give discretion. But I think, again, we have to get to the point of interpreting that particular provision in light of the statutory provisions that were in place at the time in 2004 that she amended her will. We didn't get to make those arguments. Nobody made those arguments. This really needs to go back to the trial court so that we can flesh this out. And in light of the statutory provisions that were in place when this was drafted. Because you have to take into account that whoever drafted this knew what the law was at the time. I mean, we can't go back and magically figure out what Emma meant because she's not with us anymore. So we have to do the best that we can by using rules of interpretation and basically construing the testamentary trust that's involved in this case. I do believe that the – that what happened in this case is that the court and the attorneys that were before the court basically did not – even consider the application of the Trusts and Trustees Act and how it affected this case. If they would have, I believe we would have had a different outcome. Again, I don't particularly like asking for all the orders to be vacated. But I believe this court's been very adamant in these kind of cases where you don't have jurisdiction, the orders are void, and they will vacate that at any time. So I realize that we're not going to go back and have the repairs undone. But we are in a place where we can do what's right and have due process serve upon all of the parties. Are there any questions with regard to any other issues in the case that were raised by the briefs? I don't think so. Well, then I would ask – I respectfully waive the rest of my time alive and ask the court for due consideration of the briefs as filed. Thank you, counsel. We will take the case under advisement. Thank you for your oral argument. And we will issue a ruling in due course. Thank you.